IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Albert S. Kelly, | ) | |
| | ) | Civil Action No.: 4:11-cv-02463-TLW |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Beverly Woods; Jim Page; | ) | |
| Drake Stoney; Nurse Delanie; | ) | |
| Amy Enloe; F. Russell; Major Jackson; | ) | |
| Major Dennis Butch; Officer Hampton; | ) | |
| Sgt. Drear; Kevin Moore; Unknown Sgt.; | ) | |
| 2 Unknown Officers; Sgt. Parker; | ) | |
| Unknown LT.; Mr. Wilson; and | ) | |
| Nurse Smith, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER**

Plaintiff, Albert S. Kelly ("plaintiff"), proceeding pro se, filed the above-captioned civil action on September 15, 2011. (Doc. #1). On March 23, 2012, the plaintiff filed a motion to dismiss the complaint in this case. (Doc. #67). In the motion, plaintiff states that it did not matter to him whether the dismissal was with or without prejudice. (Doc. #67). On March 27, 2012, the defendants filed a response in support of the plaintiff's motion, in which defendants requested that any dismissal be with prejudice. (Doc. #68). On March 29, 2012, this Court granted plaintiff's motion to dismiss and dismissed the above-captioned action with prejudice. (Doc. #70).

This matter now comes before this Court on motion of plaintiff "to reconsider the March 29, 2012 Order, and continue the litigation of plaintiff's complaint," filed on May 11, 2012. (Doc. #74). Defendants filed a response opposing plaintiff's motion to reconsider on May 29,

1

2013 (Doc. #75), to which plaintiff replied on June 6, 2012 (Doc. #76). In his motion, plaintiff claims that he did not file the March 23, 2012 motion to dismiss the complaint in this case and that he intended to pursue the claims in this matter. According to plaintiff, "the defendants are . . . making threats and promises to plaintiff to discontinue his litigation in this case." (Doc. #74). Plaintiff further contends that "someone attempting to copy or forge false documents in plaintiff's name" filed the motion to voluntarily dismiss this case. (Doc. #74). Defendants responded in opposition to the plaintiff's motion and deny plaintiff's allegations with regard to the filing of the motion to dismiss. (Doc. #75).

As an initial matter, there is a basis to conclude that the plaintiff's motion is untimely. Judgment in this case was entered on March 29, 2012. Therefore, the deadline for plaintiff to file any motion to reconsider pursuant to Fed. R. Civ. P. 59(e) was April 26, 2012. The record reflects that plaintiff signed his motion to reconsider on May 1, 2012, and that it was not delivered to PCI for mailing until May 8, 2012.[1] (See Doc. #74). Accordingly, it is reasonable to conclude that plaintiff's motion to reconsider under Fed. R. Civ. P. 59(e) is untimely.

Plaintiff did not indicate what Rule he relies upon in filing his motion to reconsider. Federal Rule of Civil Procedure 59(e) provides that: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear

---

[1] The date on the first page of the motion appears to be April 4, 2012. However, the date on the last page where plaintiff signed the motion is May 1, 2012. Regardless, the timestamp shows that the motion was not delivered to Perry Correctional Institute for mailing until May 8, 2012. The motion was filed on May 11, 2012. (See Doc. #74).

2

error of law or prevent manifest injustice. Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) cert. denied, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)).

However, Rule 59(e) motions may not be used to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

In light of these standards, the Court has carefully reviewed the plaintiff's motion, the defendants' response, and the plaintiff's reply. The Court has considered the arguments asserted in the parties' memoranda and record in this case. After careful consideration of the relevant filings, the Court concludes that there is no basis under Federal Rule of Civil Procedure 59(e) for this Court to modify its Order of March 29, 2012. (Doc. #74).

Federal Rule of Civil Procedure 60(a) allows a District Court to "correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The plaintiff has not argued that a clerical mistake or omission by this Court is a basis for its motion. Furthermore, the Court has

determined that no clerical mistake has been made. Federal Rule of Civil Procedure 60(a) is therefore not a basis for reconsideration of this Court's earlier ruling.

Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

Rule 60(b) provides an extraordinary remedy that can be invoked only upon a showing of exceptional circumstances. See McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991) (quoting Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979)).

The Court notes that the record reflects that plaintiff has previously voluntarily dismissed at least four other lawsuits that he filed against Department of Corrections' employees.[2] In addition, on March 17, 2012, about one week before filing a motion to dismiss in the above-captioned action, the plaintiff sent a letter to the Court in which he discusses the miscarriage of justice and indicates that he was considering dismissal of this case. (See Doc. #65).

---

[2] See Kelly v. Butch et al., 4:11-cv-02233-TLW; Kelly v. McGraw et al., 4:11-cv-557-TLW; Kelly v. Stoney et al., 4:11-cv-00354-TLW; Kelly v. Stoney et al., 4:11-cv-3100-TLW. This Court takes judicial notice of the prior cases filed by the plaintiff. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'") (citation omitted).

More specifically, plaintiff's letter stated:

> I think I'm right, better yet I know I'm telling the truth, but the Defendants are telling lies just to avoid answering the complaint—you are all on the same side I think . . . .  They know what they did, just as well as others—I feel that if you are going to rule in the favour (sic) of the Defendants its (sic) no need in me wasting my time, just do it—I'll get my justice!

(Doc. #65 at 2).

The Court has reviewed the motion to dismiss and other documents that were filed by the plaintiff in this case.  After review of the documents, it is reasonable to conclude that the motion to dismiss was filed by the plaintiff.

Accordingly, after careful review, the Court concludes that the plaintiff has not met his burden of showing exceptional circumstances warranting the relief pursuant to Rule 60(b).

## **CONCLUSION**

The Court concludes that plaintiff has not shown legally sufficient grounds that would require reconsideration of the undersigned's prior Order granting plaintiff's motion to dismiss the above-captioned case.  Accordingly, for the reasons articulated herein, it is hereby **ORDERED** that plaintiff's motion to reconsider is **DENIED** (Doc. #74).

**IT IS SO ORDERED**.

s/ Terry L. Wooten
Terry L. Wooten
Chief United States District Judge

March 22, 2013
Columbia, South Carolina